# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| In re: ) <br> ) <br> **LA CASA DE PEDRO, INC.**, *et al.*, ) <br> ) <br> Debtor. ) <br> ) | ) <br> ) **Case No. 18-11916 (JNF)** <br> ) <br> ) **Chapter 11** <br> ) |

## MOTION OF GORDON FOOD SERVICE, INC. FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM PURSUANT TO 11 U.S.C. § 503(b)(9)

Gordon Food Service, Inc. ("GFS")[1], by its undersigned counsel, hereby moves (the "Motion") for the allowance and payment of an administrative expense claim pursuant to 11 U.S.C. § 503(b)(9) against La Casa de Pedro, Inc. (the "Debtor"). In support of its Motion, GFS states as follows:

### Background

1. On May 23, 2018 (the "Petition Date"), Debtor filed a voluntary chapter 11 petition.

2. The first date set for the § 341 meeting was June 26, 2018.

3. GFS acts as a foodservice supplier to Debtor. In that capacity, Debtor orders and GFS provides food products and related foodservice supplies to Debtor which Debtor orders and receives in the ordinary course of its business and uses to provide meals to its customers.

4. Within the 20 days immediately preceding the Petition Date (the "503(b)(9) Window"), GFS delivered to Debtor goods (the "Goods") totaling $4,442.52 (the "GFS

---

[1] GFS acquired Perkins Paper LLC which did business with Debtor by that name prior to its acquisition by GFS.

503(b)(9) Claim") for which Debtor has not paid.[2] Attached hereto as **Exhibit A** is a summary of all unpaid invoices as of the Petition Date for goods delivered during the 503(b)(9) Window. Copies of the underlying invoices identifying the specific goods delivered, the amounts owed, and the delivery locations and dates are attached hereto as **Exhibit B**.

## Jurisdiction and Venue

5.   This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

6.   Venue of this case and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

7.   The statutory predicates for the relief requested herein are 11 U.S.C. §§ 503(a), 503(b)(9) and 507(a)(2).

## Relief Requested

8.   GFS requests the allowance and payment of an administrative claim in the amount of $4,442.52, pursuant to § 503(b)(9) of the Bankruptcy Code.

9.   Section 503(b)(9) of the Bankruptcy Code provides:

> (b) After notice and a hearing, there shall be allowed, administrative expenses, other than claims allowed under section 502(b) of this title, including—
>
> * * *
>
> (9) the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business.

---

[2] GFS does not waive, but rather expressly reserves any claim that all or a portion of this amount also is entitled to treatment under the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c)(2).

2

11 U.S.C. § 503(b)(9). The GFS 503(b)(9) Claim satisfies these requirements.

10. Within the twenty (20) days immediately preceding the Petition Date, GFS sold the Goods to Debtor and Debtor received the Goods within the twenty (20) days immediately preceding the Petition Date. Finally, the Goods were sold to Debtor in the ordinary course of Debtor's business. *See Abilene Nat'l. Bank v. Fina Supply, Inc.*, 800 F.2d 469, 471-74 (5th Cir. 1986); *In re Trico Steel Co., LLC*, 282 B.R. 318, 323-24 (Bankr. D. Del. 2002).

11. The value of the Goods received by Debtor from GFS within the twenty (20) days immediately preceding the Petition Date is equal to $4,442.52. *See Memphis-Shelby County Airport v. Braniff Airways, Inc.*, 783 F.2d 1283, 1285-86 (5th Cir. 1986) (value of administrative expense claim is presumed to be contract rate); *In re Patient Educ. Media, Inc.*, 221 B.R. 97, 104 (Bankr. S.D.N.Y. 1998) (same).

12. Therefore, GFS is entitled to an allowed administrative expense claim in the amount of $4,442.52, pursuant to 11 U.S.C. § 503(b)(9) and the authorities cited above. The allowed GFS 503(b)(9) Claim should be paid immediately. This Court has broad discretion to determine when an administrative claim should be paid. *See In re Amber Stores, Inc.*, 193 B.R. 819, 825 (Bankr. N.D. Tex. 1996) (court can order immediate payment of administrative claim where there are sufficient assets in the estate to pay administrative expenses in full).

13. Alternatively, the allowed GFS 503(b)(9) Claim should be paid upon the earliest of: (i) the entry of an order confirming a plan of reorganization, (ii) the conversion or dismissal of this case, (iii) the closing of a sale of substantially all of Debtor's assets, or (iv) the payment of similarly-situated administrative expense claims in this case.

14. This Motion is to assert GFS' 503(b)(9) Claim only. By omitting reference to any other claim that GFS may have against Debtor, GFS does not waive, but rather expressly

reserves the right to assert such other claims, including, but not limited to, a general unsecured claim for amounts falling outside of the 503(b)(9) Window.

WHEREFORE, GFS respectfully requests that this Court enter an order:

(a) allowing the GFS 503(b)(9) Claim in the amount of $4,442.52, pursuant to 11 U.S.C. § 503(b)(9);

(b) directing Debtor to pay the allowed GFS 503(b)(9) Claim immediately or, in the alternative, upon the earliest of: (i) the entry of an order confirming a plan of reorganization, (ii) the conversion or dismissal of this case, (iii) the closing of a sale of substantially all of Debtor's assets, or (iv) the payment of similarly-situated administrative expense claims in this case; and

(c) granting such other and further relief in favor of GFS as this Court deems fair and equitable.

Dated: August 22, 2018                    Respectfully submitted,

                                          GORDON FOOD SERVICE, INC.


                                          By: /s/ Jason M. Torf
                                              Jason M. Torf
                                              HORWOOD MARCUS & BERK CHARTERED
                                              500 W. Madison St.
                                              Suite 3700
                                              Chicago, Illinois 60661
                                              (312) 606-3200 (phone)
                                              (312) 606-3232 (facsimile)
                                              jtorf@hmblaw.com

                                              *Counsel for Gordon Food Service, Inc.*